DAVID B. BARLOW, United States Attorney (#13117)
CAROL A. DAIN, Assistant United States Attorney (#10065)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: 801-524-5682
Email: carol.dain@usdoj.gov

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 17 2013

BY D. MARK JONES, CLERK

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EUGENE JOSPEH SALAZAR,<br>aka "JOSH MORA,"<br><br>Defendant. | Case No. 2:13CR290 RJS<br><br>STATEMENT IN ADVANCE OF PLEA<br><br>Judge Robert J. Shelby |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.      As part of this agreement with the United States, I intend to plead guilty to Count I of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count I, Coercion and Enticement are:

1. That I knowingly persuaded, induced, enticed, coerced, or attempted to persuade, induce, entice or coerce, any individual who has not attained the age of 18 years old, to engage in any sexual activity for which any person can be charged with a criminal offense; and
2. That I did so by use of a facility of interstate commerce, specifically the internet.

2(a).     I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 2422(b), Coercion and Enticement, is a maximum term of imprisonment of thirty years, a mandatory minimum sentence of ten years, a fine of up to $250,000, and a minimum mandatory term of supervised release of five years and up to life. I

understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

(b)     Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense shall be ordered pursuant to 18 U.S.C. § 2259. I have also subjected real and personal property to forfeiture pursuant to 18 U.S.C. § 2253(a)(3) because the property was used or intended to be used to commit or to promote the commission of 18 U.S.C § 2422(b).

(c)     I understand that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.     I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4.     I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.     I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6.     I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

(a) I have a right to the assistance of counsel at every stage of the proceeding.

(b) I have a right to see and observe the witnesses who testify against me.

(c) My attorney can cross-examine all witnesses who testify against me.

(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.      If I plead guilty, I will not have a trial of any kind.

8.      I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence

9.      I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10.     I know that under a plea of guilty the judge may ask me questions under oath about the offense.  The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.     I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> Beginning on an unknown date and continuing until January 17, 2013, in the Central Division of the District of Utah, I knowingly, through my MeetMe.com profile "Josh Mora," and using my email joseph.salazar67@gmail.com, and using my iPhone, communicated with a 14 year old child.  During those communications, I knowingly and intentionally attempted to persuade, induce, entice, or coerce the child to engage in sexual activity for which I could be charged with a criminal offense.  I know that communications using MeetMe.com, emails, and an iPhone transferred across state lines because they were transported via the Internet, a facility of interstate or foreign commerce.  I also admit that I met with the 14 year old child and a second 14 year old child and did engage in sexual relations.

12.     The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

A.      The defendant agrees:

(1) I will plead guilty to Count I of the Indictment;

3

**Financial Information**

(2)  To prepare my Pre-Sentence Report, I acknowledge that the United States
Probation Office will ask me to complete the "Probation 48 Financial Packet" and
to provide supporting documentation for the representations I make therein. I
agree to truthfully and accurately complete the "Probation 48 Financial Packet"
and to provide a copy of it and all supporting documentation attached thereto to
the United States Probation Office and to the United States Attorney's Office
within three weeks of my change of plea. I also consent to allowing the United
States Attorney's Office to run a credit check on me. I understand that providing
false or incomplete information or refusing to provide this information may be
used as a basis for: (1) a separate prosecution under 18 U.S.C. § 1001; (2) the
denial of a reduction for acceptance of responsibility pursuant to Sentencing
Guideline Section 3E1.1; and/or (3) an enhancement of my sentence for
obstruction of justice under Sentencing Guideline 3C1.1.; [and].

**Rule 410 Waiver**

(3)  If the Court finds that I failed to fulfill my obligations under this plea
agreement, or if I withdraw my plea of guilty, I shall assert no claim under the
United States Constitution, any statute, Rule 410 of the Federal Rules of
Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other
federal rule, that my statements pursuant to this agreement, or any leads derived
therefrom, should be suppressed or are inadmissible at any trial, hearing, or other
proceeding;

**Restitution**

(4)(a)  I agree that, pursuant to the provisions of 18 U.S.C. §§ 2259 and
3663A(a)(1) and (c)(1)(A)(i) and (ii), I am obligated to make restitution and the
court is obligated to order that I pay it. I understand and agree that the Court will
determine at sentencing the final amount of restitution I must pay.

(4)(b)  I understand that the amount of restitution will be determined as a part of
the sentencing proceedings in accordance with the provisions of 18 U.S.C. §
3664, and that under 18 U.S.C. §3664(h), the Court can make me liable for the
full amount of restitution owed. I agree to pay all restitution as ordered by the
Court. I understand the payment of restitution is governed by 18 U.S.C. §3664,
and my lawyer has explained the consequences of an order of restitution.

(4)(c)  I agree to pay restitution during any period of incarceration imposed on
me. I understand and agree that payment of any restitution owed should be a
condition of any term of probation or supervised release imposed upon me. I
know that if I fail to pay, the failure can be considered a violation of probation or
supervised release and, pursuant to 18 U.S.C. §3614, the court can resentence me
to any sentence which might originally have been imposed in my case.

4

**Treasury Offset Program**

(5)  To help me meet my obligations to pay restitution and/or a fine, I consent to being placed on the Treasury Offset Program and State Finder.

**Sex Offender Registration**

(6)   That under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: the location of my residence, the location of my employment; and, if I am a student, the location of my school. Registration will require that I provide information that includes name, residence address, and the names and addresses of any places at which I am or will be an employee or a student.  I understand that I must update my registrations not later than three business days after any change of name, residence, employment, or student status.  I understand that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**Forfeiture**

(7)(a)  I agree to forfeit all interests in any asset that is related to my offense of conviction that I currently own or over which I exercise control, directly or indirectly, including any property I have transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including the following specific property:

- iPhone
- 2GB MicroCruzer thumbdrive
- 1GB Sony Memory Stick Pro Duo
- 3 Memorex CD-r's
- Laptop Computer

(7)(b)  I warrant that I am the sole owner of all of the property listed above, and agree to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(7)(c)  I further agree to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  I acknowledge I understand that the forfeiture of assets is part of the sentence that may be

5

imposed in this case and waive any failure by the court to advise me of this, pursuant to Rule 11(b)(1)(J), at the time this guilty plea is accepted.

(7)(d)  I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

B.        The United States agrees:

(1)        To dismiss Count II at the time of sentencing.

**Acceptance of Responsibility**

(2)(a)  To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his [or her] offense [or offenses], up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines; and

(2)(b)  To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under § Section 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction;

**Low-End Recommendation**

(3)  To recommend at sentencing that the defendant be sentenced to the mandatory minimum term of 120 months imprisonment.  The United States' agreement is based on the present facts and circumstances, and if the facts change, the United States shall not be bound by this provision.

\*          \*          \*          \*

I make the following representations to the Court:

    1. I am _28_ years of age. My education consists of _Some College_. I _Can_ [can/cannot] read and understand English.

    2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms and those provisions will be made a part of this agreement. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

    3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

    4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

    5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

    6. I am satisfied with my lawyer.

    7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

    8. I have no mental reservations concerning the plea.

    9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this _17_ day of _December_, _13_.

_____
EUGENE JOSEPH SALAZAR
Defendant

7

I certify that I have discussed this statement with the defendant, that I have fully explained his[her] rights to him[her], and I have assisted him[her] in completing this form. I believe that he[she] is knowingly and voluntarily entering the plea with full knowledge of his[her] legal rights and that there is a factual basis for the plea.

DATED this __17th__ day of __Dec__, 13.

WENDY M. LEWIS
Attorney for Defendant

I certify that all terms of the plea agreement between the defendant and the government have been disclosed to the Court, and there is a legal and factual basis for the defendant's plea of guilty.

DATED this __17th__ day of __December, 2013__

DAVID B. BARLOW
United States Attorney

CAROL A. DAIN
Assistant United States Attorney

8